**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FRANCISCO JAVIER PENA-CRUZ,** ) | **CASE NO.  4:08CV2706** |
| ) | |
| **Petitioner,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **JOSEPH GUNJA, Warden,** ) | |
| ) | **ORDER** |
| **Respondent.** ) | |
| ) | |

The instant matter is before the Court upon a petition for a writ of habeas corpus filed by Francisco Javier Pena-Cruz ("Petitioner"), pursuant to 28 U.S.C. § 2241.  (Dkt. # 1).

Petitioner pled guilty before the United States District Court for the Southern District of New York to one count of Illegal Re-entry, in violation of 18 U.S.C. § 1326. (Dkt. # 7, Ex. 1).  On June 1, 2005, Petitioner was sentenced to 57 months imprisonment and remanded to the custody of the Bureau of Prisons.  (Dkt. # 7, Ex. 1).  Petitioner's projected release date was May 4, 2009, after which time he would remain in custody pending deportation proceedings.  (Dkt. # 4; Dkt. # 7, Ex. 2 at 39).  According to Bureau of Prisons records, Petitioner did, in fact, complete service of his sentence on May 4, 2009, and was released on an Immigrations and Customs Enforcement detainer.  Federal Bureau of Prisons Notice of Release and Arrival.

In the instant petition, Petitioner seeks "an order to invalidate a prison disciplinary conviction and for the reinstatement of his 27-days of Good Time Credit ('GTC') which

were deprived in violation of the Due Process Clause of the U.S. Constitution." (Dkt. # 1, Memorandum in Support at 2). Thus, Petitioner does not attack any aspect of his conviction or the imposition of his sentence, but only the prison disciplinary ruling that denied him twenty-seven days of good time credit off of a sentence he has already completed.

The Supreme Court of the United States has held that, where a habeas petitioner challenges only his sentence, rather than his conviction, his petition is rendered moot by the completion of such sentence. Lane v. Williams, 455 U.S. 624, 631 (1982). The Court reasoned that because "[t]hrough the mere passage of time, respondents have obtained all the relief that they sought," no live controversy remained. Likewise, in Spencer v. Kemna, 523 U.S. 1, 8 (1998), the Court found that a petitioner challenging his reincarceration following a parole revocation, from which he had been released during habeas proceedings, was required to show some "continuing 'collateral consequences' of the parole revocation" in order to avoid dismissal upon mootness grounds.

Courts in the Sixth Circuit has held similarly. Prowell v. Hemingway, 37 Fed.Appx. 768, 769-770 (6th Cir. 2002) (§ 2241 petition challenging parole revocation and reincarceration was rendered moot by petitioner's release from custody); Censke v. Birkett, 2008 WL 4104479, *2 (E.D. Mich. 2008) ("When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the United States Constitution.").

Because it relates to the Court's jurisdiction to hear the matter, the mootness of a habeas petition may be raised *sua sponte* by the Court. <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003).

In the instant matter, Petitioner completed his sentence on May 4, 2009, and was released on an ICE detainer for deportation proceedings. Petitioner has made no showing of continuing collateral consequences which would keep the controversy alive. Therefore, the instant petition is moot and need not be addressed on the merits.

Therefore, the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is hereby **DISMISSED as MOOT**. (Dkt. # 1).

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – May 22, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**